IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BRIAN F. MCHUGH and | : | CASE NO.: 5:22-bk-01870-MJC |
| JENNIFER LYNN MCHUGH, | : | |
| | : | |
| DEBTORS | : | |

**MOTION OF THE UNITED STATES TRUSTEE FOR
REVIEW OF PROFESSIONAL FEES OF DEBTORS' COUNSEL**

NOW COMES the United States Trustee, through undersigned counsel, and respectfully moves this Court to enter an Order scheduling a hearing to review the professional fees charged by the Debtors' counsel in the above-captioned case and to determine whether a reduction of those fees is appropriate pursuant to 11 U.S.C. § 329(b). In support thereof, the United States Trustee respectfully states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(a) and (b)(1) and 1334(a) and (b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (2)(A). Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this motion are 11 U.S.C. §§ 105 and 329(b). The UST has standing pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

2. On June 2, 2022, Brian F. McHugh and Jennifer Lynn McHugh (the "Debtors") filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code. *Docket No. 1*.

3. The Debtors are represented by attorney Carlo Sabatini ("Mr. Sabatini").

4. The Form B2030 filed by Mr. Sabatini in this case states that Mr. Sabatini agreed to accept a retainer of $2,995.00 from the Debtors and that he would bill against that retainer at an hourly rate of $415.00. *See Docket No. 1, p.49.*

5. Mr. Sabatini's Form B2030 further states:

> **The above stated fee is a minimum fee. All work is performed at hourly rates.** The current hourly rates are $415-$310/hour for attorneys and $150/hour for paralegals. Rates may be changed at any time with written notice to client and generally are increased at the beginning of each calendar year.

*Id. (emphasis added).*

6. As such, it appears that Mr. Sabatini charged the Debtors a **minimum** fee of $2,995.00 for his services in this case. If Mr. Sabatini spent more than 7.2 hours of time working on the Debtors case at his stated hourly rate of $415.00, then it is assumed that he would have continued to bill the Debtors for his work at that rate since his $2,995.00 retainer would have been fully depleted.

7. Concern with Mr. Sabatini's hourly rate and billing practices is not a matter of first impression for the Court.[1]

8. The United States Trustee's review of the Debtors' case reveals a very straightforward no asset Chapter 7 case that is devoid of complicating factors such as civil enforcement or dischargeability litigation, exemption issues or other complex matters requiring the extended attention and involvement of the Debtors' counsel.[2]

9. Section 329(b) of the Bankruptcy Code provides that if the Court finds that the

---

[1] On September 30, 2022, the Court issued a thirty-six page Opinion in the Chapter 13 case of Michael Peter Badyrka, Case No. 5:20-bk-03618-MJC, in which it reviewed Mr. Sabatini's fees and billing practices in that case, concluded that the fees sought by Mr. Sabatini in his application for compensation in that case were excessive, and entered an accompanying order reducing Mr. Sabatini's compensation from his requested amount of $10,452.50 to $5,456.50. *See Docket Nos. 71 and 72.*

[2] On Line 33 of Schedule A/B, Mr. Sabatini listed claims for statutory damages, reasonable attorney fees and costs against creditors Midland Credit Management, Inc. and Client Services, Inc. for violations of the Fair Debt Collection Practices Act. While Mr. Sabatini may argue that these claims represent complicating factors in the Debtors' case that require his extended attention and involvement, it should be noted that Mr. Sabatini frequently identifies and prosecutes these claims in his consumer bankruptcy cases and that these actions represent another source of revenue for his firm.

compensation received by the Debtors' counsel "exceeds the reasonable value of any such services" provided to the Debtors, that "the Court may cancel any such agreement [for compensation] or order the return of any such payment, to the extent excessive, to the entity that made such payment." Id.

10. The UST respectfully submits that the proposed compensation of at least $2,995.00.paid to Mr. Sabatini exceeds the reasonable value of Mr. Sabatini's services provided to the Debtors in this case and that it is appropriate for the Court to consider whether a reduction of those fees is warranted.[3]

*(remainder of page left blank intentionally)*

---

[3] The United States Trustee does not raise any issues with respect to the quality and/or competence of Mr. Sabatini's representation of the Debtors, but only to the amount of his compensation for services rendered vis a vis the amount of compensation charged by other practitioners of consumer bankruptcy who provide similar services in the Middle District of Pennsylvania.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order scheduling a hearing on this matter to determine whether counsel's fees should be reduced pursuant to 11 U.S.C. § 329 and grant such other and further relief as is just and equitable.

                                    Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 AND 9

D. Troy Sellars, Esq.
Assistant United States Trustee

By: /s/ Gregory B. Schiller
Gregory B. Schiller, Esq.
Trial Attorney
United States Department of Justice
Office of the United States Trustee
Middle District of Pennsylvania
228 Walnut Street, Suite 1190
Harrisburg, PA 17101
Tel. (717) 221-4515
Fax (717) 221-4554
Email: Gregory.B.Schiller@usdoj.gov

Dated: January 16, 2023