# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | |
| Brian McHugh and Jennifer McHugh | Bankruptcy No. 5:22-bk-01870-MJC |
| Debtors | Chapter 7 |

## BRIEF IN SUPPORT OF DEBTORS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Introduction and Procedural History

*Debtors' Motion to Compel Answers to Interrogatories* seeks an order overruling the UST's objections to discovery. The parties conferred multiple times to attempt to resolve the UST's objections and were successful in narrowing the issues. The only discovery requests still in dispute are Interrogatories 1 – 5. The UST has agreed to remove some of his objections to those interrogatories. However, he still objects on two bases. He alleges that the interrogatories are: (1) "not reasonably calculated to lead to the discovery of admissible evidence" and (2) "unduly burdensome." The parties reached an impasse on May 25, 2023. Debtors have now filed a motion to compel.

Standard of Review

Federal Rules of Civil Procedure 26(b)(1) and 37 apply in contested matters pursuant to Fed. R. Bankr. P. 7026, 7037 and 9014. Rule 26(b)(1) states that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37(a) provides that "a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded . . . interrogatories." *Robert D. Mabe, Inc. v. Optum Rx*, 2020 WL 4334976, at *1 (M.D. Pa. July 28, 2020)(Mannion, J.).

Before a motion to compel is granted an analysis with shifting burdens is employed.

> The moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1). If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information."

*Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019) (internal quotation marks and citation omitted).

## Argument

Debtors seek to compel substantive responses to five interrogatories. The interrogatories were all designed to obtain information regarding the reasonableness of the fee when calculated on a lodestar basis.[1] "The lodestar award is calculated by multiplying the number of hours reasonably worked on a client's case by a reasonable hourly billing rate for such services based on the given geographical area, the nature of the

---

[1] Specifically, the five interrogatories respectively sought the UST's position as to:
1. the reasonableness of $415 as an hourly rate for Carlo Sabatini;
2. the reasonableness of $150 as an hourly rate for paralegal Ashley Werner;
3. the entries on counsel's fee itemization for which the UST contends too much time was spent;
4. the entries on counsel's fee itemization for which the UST contends the task should have been delegated to a professional who charges a lower rate; and
5. the entries on counsel's fee itemization that the UST contends should not have been billed at all.

See Doc. 32-1, pp. 1-2.

services provided, and the experience of the attorneys." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005), as amended (Feb. 25, 2005).

  A.  *Relevance*

The UST's primary objection is that lodestar information is not relevant.[2] The UST explains that he has not raised the lodestar as a method of valuing counsel's fees. Instead, the UST argues that the fees are unreasonable when compared to "the amount of compensation charged by other practitioners of consumer bankruptcy who provide similar services in the Middle District of Pennsylvania." (Doc. 17, n. 3.) Debtors would concede that if the lodestar analysis is not relevant to the reasonableness of the fee, then the information sought in these discovery requests is likewise not relevant. However, the lodestar **is** relevant.

The Third Circuit has observed that:

> The unambiguous policy inspiring § 330(a), . . . is that professionals and paraprofessionals in bankruptcy cases should earn the same income as their non-bankruptcy counterparts. . . .The history . . . repeatedly refers to the billing practices of nonbankruptcy professionals, justified by the goal of retaining competent legal representation for the debtor. Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.

*In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833 (3d Cir. 1994)(quotation marks, brackets, and citations omitted).

---

[2] The UST's actual objection is that the discovery sought is "not reasonably calculated to lead to the discovery of admissible evidence." See Doc. 32-2, pp. 5-7. This language comes from former Rule 26(b)(1) and was removed from the rule in 2015. However, before it was removed, the language helped define the scope of the term "relevant." Furthermore, during their discovery conferences the parties treated the objection as one of relevance.

3

So, to determine a reasonable fee here, the Court must look at what a non-bankruptcy attorney would charge for the services. However, non-bankruptcy attorneys are, of course, not preparing bankruptcy schedules. Therefore, the most logical way to estimate what a non-bankruptcy attorney would charge is to look at her hourly rate and to multiply it by the amount of time that would be reasonably spent performing the work. In other words, a lodestar comparison. Lodestar information is clearly relevant.

B. Burden

Once it has been determined that the requests are relevant, the burden then shifts to the UST to demonstrate why each request "(i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Atkinson*, 414 F. Supp. 3d at 744. The UST's second objection attempts to make that showing. He alleges that the requests are "unduly burdensome." Judge Rambo recently explained how an objection of undue burden should be analyzed.

> A party asserting an unduly burdensome objection to a discovery request has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. Additionally, the objecting party must show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents. Any objections that discovery is unduly burdensome must contain a factual basis for the claim, and the objecting party must usually provide an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.

*Carusone v. Kane*, No. 1:16-CV-1944, 2019 WL 5424333, at *2 (M.D. Pa. Oct. 23, 2019).

Here, the time that the UST would spend and the expense that he would incur in conducting a lodestar analysis on counsel's bill is minimal. The UST has a duty to review fee

4

applications in cases filed under every chapter. 11 U.S.C. § 586(a)(3)(A)(i). Surely, the office has efficient processes to effectively review lodestar fee applications. Applying those processes to counsel's bill here would not amount to a "burden or expense [that] is unreasonable in light of the benefits to be secured from the discovery." There is no undue burden.

## Conclusion

For the foregoing reasons, Debtors respectfully request that the Court overrule the UST's objections and grant the motion to compel.

*s/ Carlo Sabatini*
Carlo Sabatini: PA 83831
Attorney for Debtors
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
P: (570) 341-9000
F: (570) 504-2769
carlo@bankruptcypa.com